**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | | |
|---|---|---|
| **PAUL CHARLES STIMEL,** | § | |
| | § | |
| **Petitioner,** | § | |
| **v.** | § | **CIVIL ACTION V-05-108** |
| | § | |
| **DOUGLAS DRETKE, Director, Texas** | § | |
| **Department of Criminal Justice,** | § | |
| **Institutional Division,** | § | |
| | § | |
| **Respondent.** | § | |

## MEMORANDUM OPINION & ORDER

Petitioner Paul Charles Stimel, a Texas prisoner, has filed a petition for writ of habeas corpus challenging a state conviction under 28 U.S.C. § 2254.  Also pending before the Court are Petitioner's Motion to Grant as [not Time-]Barred Pursuant to 28 U.S.C. § 2254 (Dkt. # 2) and Respondent Dretke's Motion for Summary Judgment (Dkt. #9).  After considering Respondent's motion, Petitioner's response and motion, the record, and the applicable law, the Court is of the opinion that Petitioner's motion (Dkt # 2) should be DENIED,  Respondent's motion (Dkt. # 9) should be GRANTED, and that Petitioner's petition (Dkt. # 1) should be DISMISSED with prejudice.

### Procedural Background

Petitioner is incarcerated pursuant to a judgment and sentence of the 24th Judicial District Court of Jackson County, Texas, in cause number 88-7-4111, styled *The State of Texas v. Paul Charles Stimel*. He was indicted for the felony offense of aggravated sexual assault of a child, waived his right to a jury trial, pleaded guilty, and was sentenced in open court on October 31, 1988, to a 50-year term.  Dkt. # 10-2 at 23–26.  The judgment was signed and filed by the trial court on November 3, 1988.  *Id.* at 26.

Petitioner did not appeal his conviction.[1]  Dkt. # 10-2 at 9; -4 at 6; and -2 at 39.  There is no

indication that Petitioner filed a motion for new trial or any other post-conviction motions with the trial

court that would have tolled the appellate deadline under Texas law.  Accordingly, the time for

Petitioner to seek direct review of his conviction expired on November 30, 1988, thirty days after the

announcement of his sentence in open court.  *See* TEX. R. APP. P. 26.2(a)(1).  *See also Rodarte v. State*,

860 S.W.2d 108, 109–110 (Tex. Crim. App. 1993).

Following his conviction, Petitioner waited more than thirteen years to file his first state petition

for habeas relief on February 19, 2002.  Dkt. # 10-2 at 8.  That petition was denied on April 24, 2002.

*Id.* at 3.  Petitioner then filed two subsequent state petitions for habeas relief on August 27, 2004, and

December 22, 2004.  Dkt. # 10-4 at 5 and Dkt. # 10-2 at 38.  The two subsequent petitions were denied

on November 17, 2004, and February 16, 2005, respectively.  Dkt. # 10-3 at 40 and Dkt. # 10-2 at 33.

Petitioner filed his federal petition for habeas relief in this Court on October 31, 2005.  Dkt. # 1.

### Claims and Allegations

Petitioner's federal habeas petition claims only one ground for relief –  ineffective assistance of

counsel – but provides only a bare statement thereof.  Dkt. # 1 at 7.  However, because Petitioner gave

a more detailed version in his first state petition, it is possible for this Court to piece together the basis

of his claim for federal habeas relief.  *See* Dkt. # 10-2 at 12–14.  Specifically, Petitioner claims that his

lawyer encouraged him to accept the State's offer of a 50-year sentence by representing to Petitioner

---

[1] Petitioner's federal habeas petition (Dkt. #1) appears to mistakenly indicate that he <u>did</u>
appeal his state conviction.  *Id.* at 3.  However, this representation is contrary to all three of
Petitioner's state petitions, each of which indicates that there was no appeal.  Moreover, there is no
indication in the state court records that petitioner engaged in any attacks on his sentence other than
the three state habeas petitions.  Accordingly, it appears that Petitioner was referring to those state
habeas petitions by indicating in his federal habeas petition (Dkt. # 1) that he had appealed his
conviction.

that, if he accepted, "he would be released after serving 12 or 13 years in prison." *Id.* at 13.  Petitioner

further claims that he acted on his lawyer's advice and accepted the offer because he "had no knowledge

of the law pertaining to actual amounts of time a defendant must spend in prison." *Id.*

According to Petitioner, it was his understanding that the plea agreement obligated the State to

release him after serving "12 or 13" years of his sentence and that it was only <u>after</u> serving that time that

Petitioner realized that he was merely eligible for parole and not guaranteed release. *Id.*  Petitioner

claims that had he "known that he would not be released within 12 or 13 years he would have pursued

a lesser amount of time or went to trial." *Id.*

### Summary Judgment Standard

Summary judgment is proper if the pleadings and evidence "show that there is no genuine issue

as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R.

CIV. P. 56(c); *Hall v. Thomas*, 190 F.3d 693, 695 (5th Cir. 1999).  In considering a motion for summary

judgment, the court construes factual controversies in a light most favorable to the non-movant, but only

if both parties have introduced evidence showing that an actual controversy exists.  *Lynch Properties,*

*Inc. v. Potomac Ins. Co. of Illinois*, 140 F.3d 622, 625 (5th Cir. 1998).[2]  The burden is on the movant

to convince the court that no genuine issue of material fact exists as to the claims asserted by the non-

movant, but the movant is not required to negate elements of the non-movant's case.  *See Celotex Corp.*

---

[2] The Fifth Circuit has held that Rule 56 applies only to the extent it does not conflict with the habeas rules.  *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) (citing Rule 11 of the Rules Governing Section 2254 Cases in the District Courts), *cert. granted in part on other grounds, and dism'd*, 124 S. Ct 1652 (2004).  Therefore, 28 U.S.C. § 2254(e)(1) – which mandates that findings of fact made by a state court are "presumed to be correct" – overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the non-moving party.  *See id.*  Unless the petitioner can "rebut[] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct.  *See id.*

*v. Catrett*, 106 S. Ct. 2548, 2553 (1986).

The non-moving party may not rest solely on its pleadings. *King v. Chide*, 974 F.2d 653, 656 (5th Cir. 1992). For issues on which the non-movant will bear the burden of proof at trial, that party must produce summary judgment evidence and designate specific facts which indicate that there is a genuine issue for trial. *Celotex*, 106 S. Ct. at 2552; *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,106 S. Ct. 1348, 1356 (1986). To meet its burden, the non-moving party must present "significant probative" evidence indicating that there is a triable issue of fact. *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994). If the evidence rebutting the summary judgment motion is only colorable or not significantly probative, summary judgment should be granted. *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2511 (1986).

## Analysis

### I.      Determination of State Remedy Exhaustion is not Necessary

As an initial matter, the Court notes that it is not necessary to determine whether Petitioner has exhausted his state remedies pursuant to 28 U.S.C. § 2254(b)(1)(A). This Court is authorized to deny a petitioner's motion on the merits "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

### II.     Petitioner's Claims are Technically Barred by the Statute of Limitations

Petitioner filed his federal habeas petition on October 31, 2005. Dkt. # 1. His petition is therefore subject to the amendments to the federal habeas corpus statutes embodied in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (holding that federal habeas petitions filed after the AEDPA's April 24, 1996 effective

date are subject to the provisions of that statute, including the statute of limitations) (citing *Lindh v. Murphy*, 521 U.S. 320, 336 (1997)).  Under the AEDPA, federal habeas petitions which challenge state court judgments are subject to a one-year limitations period pursuant to 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Applying the AEDPA's statute of limitations to the facts in this case reveals that, absent a showing of facts consistent with 28 U.S.C. §§ 2244(d)(1)(B)–(D), Petitioner's time to file his federal habeas petition began no later than December 1, 1988, one day after the expiration of the time for Petitioner to seek direct review of his state court conviction and ended one year later on November 31, 1989.  However, because Petititioner's claim was technically time-barred prior to the effective date of the AEDPA on April 24, 1996, he must be allowed a reasonable time after the AEDPA's effective date

to file his petition.  *See Flanagan*, 154 F.3d at 200.  The Fifth Circuit has held that petitioners such as

Petitioner should be given an additional year after the effective date of the AEDPA.  *Id.*  Accordingly,

and again, absent a showing of facts consistent with 28 U.S.C. § 2244(d)(1)(B)–(D), Petitioner's

deadline for filing his federal habeas petition was one year after the effective date of the AEDPA, or

April 24, 1997.

Petitioner's federal petition is therefore time-barred unless he can show (1) that the AEDPA's

statute of limitations began to run later than April 24, 1996, pursuant to any one of the provisions set

forth in 28 U.S.C. §§ 2244(d)(1)(B)–(D), or (2) that the limitations period was tolled either by statute

as set forth in 28 U.S.C. § 2244(d)(2) or under principles of equity.

**III.     The Provisions of 28 U.S.C. §§ 2244(d)(1)(B)–(D) are Not Applicable**

Pursuant to 28 U.S.C. § 2244(d)(1), the limitations period for Petitioner began to run on the latest

of four possible dates: (1) the date on which Petitioner's conviction became final (§ 2244(d)(1)(A)); (2)

the date on which an illegal state-imposed impediment to filing an application was lifted (§

2244(d)(1)(B)); (3) the date on which the right asserted by the application was recognized by the United

States Supreme Court (§ 2244(d)(1)(C)); or (4) the date on which Petitioner could have discovered the

factual predicate of his claim through the exercise of due diligence (§ 2244(d)(1)(D)).  28 U.S.C. §§

2244(d)(1)(A)–(D).  Applying these provisions in a manner consistent with the Fifth Circuit's holding

in *Flanagan*, it follows that Petitioner may be entitled to some extension of the AEDPA's statute of

limitations upon a showing (1) that any of the dates described in 28 U.S.C. §§ 2244(d)(1)(B)–(D)

occurred later than the date on which his conviction became final, or (2) that he is entitled to statutory

or equitable tolling.

In his response (Dkt. # 11) to the Government's motion for summary judgment, Petitioner first

claims that he is entitled to a later date pursuant to § 2244(d)(1)(D).  Specifically, Petitioner claims that

he could not have discovered the factual predicate of his claim – that the State was not, as he claims to

have understood at the time of his sentencing, obligated to release him from custody after "12 or 13

years" – until May 18, 2001, the date on which Petitioner apparently claims to have appeared before a

state parole panel, which denied parole and set Petitioner's next appearance for two years later.  Dkt.

# 11 at 7.  Petitioner also appears to argue that the date should be further extended until April 2003,

when the parole board, according to his papers, considered and rejected his parole application a second

time.  *Id.* at 8.

Petitioner's argument on this point is without merit.  The statute requires a petitioner to show

that the factual predicate for habeas relief could not have been discovered until some later date through

the exercise of due diligence.  However, by Petitioner's own admission, he was incarcerated for

approximately 13 years before it occurred to him – and even then only after the State apparently denied

his parole application – to inquire as to the details of the bureaucratic procedures by which the State

would evaluate his continued incarceration.  Such completely passive indifference constitutes no

diligence on Petitioner's part at all and is certainly far short of the due diligence required by the statute.

The notion that the State of Texas had no obligation to release Petitioner after "12 or 13 years"

was or should have been known to Petitioner on the date of his sentencing on October 31, 1988.  In

the final judgment, the trial court stated as follows: "The Court further finds that there was in

existence a plea bargaining agreement between the State and the defendant and that the punishment

assessed does not exceed the punishment recommended."  Dkt. # 10-2 at 25.  The "punishment

assessed" was set by the trial Court at fifty years and there are no less than three references to a fifty-

year sentence in the trial Court's final judgment.  *Id.*

If, as Petitioner claims, his sentence was violative of the terms of his plea agreement, it is

reasonable to expect that this would have occurred to him at the time of his sentence, when the trial

Court appears to have repeatedly admonished him that he was being sentenced to fifty years of

incarceration, far in excess of the "12 or 13 years" that Petitioner claims he was promised.  Moreover,

the trial court's finding that the assessed punishment did not exceed the bargained-for punishment is

entitled to deference by this Court absent rebuttal evidence presented by Petitioner.  *See supra* note

2.  The Court concludes that Petitioner has advanced no such rebuttal evidence and, therefore, is of

the opinion that Petitioner had all of the necessary facts available to him in 1988 to support the claims

for habeas relief that he waited more than a decade to assert.

Petitioner also claims that, after he was denied parole, he filed a motion with the trial court on

February 19, 2002, requesting a free copy of his plea agreement due to his allegedly indigent status.  *Id.*

Petitioner claims that this motion was denied by the trial court on April 24, 2002.  *Id.*  It does not appear

to this Court that such motion or ruling are included among the papers of the state court record filed as

Dkt. Nos. 10-2, -3, -4, -5, or -6.  However, Petitioner does make reference in his subsequent state habeas

petitions to his belief that his first petition was unsuccessful because he had been denied free copies of

the papers related to his plea agreement.  *E.g.,* Dkt. # 10-4 at 16.  Accordingly, and for purposes of this

Order, the Court will take Petitioner at his word that such papers were filed and such order issued.

Petitioner argues that the alleged denial by the trial court of his motion for a free copy of his plea

agreement constitutes an illegal state-imposed impediment to the filing of his petition for state habeas

relief under § 2244(d)(1)(B). Petitioner's theory is that this alleged impediment further extended the

date on which the AEDPA's limitations period began to run until August 9, 2004, the date on which,

after apparently receiving some veterans benefits, he was finally able to pay for and receive a copy of

his plea agreement.  Dkt. # 11 at 8.

Petitioner's argument on this point is also without merit.  Even assuming that Petitioner was entitled to free copies of the papers related to his plea agreement at the time he claims to have first requested them, the trial court's alleged denial of Petitioner's motion does not constitute an unconstitutional state-imposed impediment under § 2244(d)(1)(B).  This conclusion follows from the fact that Petitioner actually did file his first state petition without those documents in hand.  Nothing in the record indicates that the State took any illegal or unconstitutional acts that impeded him from filing without those documents.  Moreover, the papers Petitioner sought amount to nothing more than potential – albeit important – documentary evidence of his claim.  Litigants in our courts are permitted to file lawsuits even if they do not at that time possess every piece of documentary evidence that might support their claim.  And they do so regularly out of an abundance of caution in order to comply with statutes of limitations.  Petitioner's failure to do so cannot now be used to resurrect the rights he long neglected. *See Flanagan*, 154 F.3d at 199 ("Section 2244(d)(1)(D) does not convey a statutory right to an extended delay ... while a habeas petitioner gather[s] every possible scrap of evidence that might ... support his claim.").

Petitioner also claims that the alleged failure by the trial court to advise him of his right to appeal his conviction amounted to a further state-imposed impediment to the filing of his habeas petition.  Aside from the fact that Petitioner claims this alleged omission by the trial court violated the Federal Rules of Criminal Procedure – which are inapplicable to state proceedings – this argument is also without merit.  Even assuming that, as Petitioner claims, the trial court failed to admonish him of his right to appeal, such a failure might have constituted valid grounds for habeas relief in a timely-filed petition.  But it does not constitute grounds for extending his time to seek habeas relief because

Petitioner could have – indeed, he did – file his habeas petitions without first appealing his conviction. In other words, even if Petitioner was unaware of his right to appeal, he is not excused from complying with the deadlines set forth in the federal habeas statutes.

Petitioner makes a vague reference in his response (Dkt. # 11) to retroactive rulings by the United States Supreme Court. *See* Dkt. # 11 at 5. To the extent that this reference is an attempt by Petitioner to invoke § 2244(d)(1)(C) regarding later-announced constitutional rights, it is also without merit. Petitioner cites no cases holding as much and nothing in the record indicates that Petitioner's claim is based on anything other than an alleged denial of his right to effective assistance of counsel.

Finally, Petitioner argues in his motion (Dkt. # 2) that the Fifth Circuit's holding in *United States v. Flores*, 981 F.2d 231 (5th Cir. 1993) excuses his failure to file his federal petition earlier. Dkt. # 2 at 15. However, the *Flores* case dealt with whether a district court had abused its discretion in dismissing a petitioner's subsequent federal habeas petition under former Rule 9(b) of the Federal Rules Governing Section 2255 Proceedings for the United States District Courts. Because this is Petitioner's first federal petition, the *Flores* holding is inapposite.[3]

## IV.     Petitioner is Not Entitled to Statutory or Equitable Tolling

Petitioner argues that, pursuant to 28 U.S.C. § 2244(2), he is entitled to a tolling of the AEDPA's statute of limitations during the pendency of his state habeas petitions.   Dkt. # 11 at 9. *See* 28 U.S.C. § 2244(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). That would be true if any of Petitioner's state habeas

---

[3] It makes no difference that the *Flores* Court was applying the rules applicable to § 2255 proceedings whereas Petitioner here is proceeding pursuant to § 2254. The fact that this is Petitioner's first federal petition renders the companion rules for dismissing successive petitions under either § 2254 or § 2255 inapplicable.

petitions were filed prior to the expiration of the limitations period following the AEDPA's effective date. However, the limitations period expired on April 24, 1997, and Petitioner's first state habeas petition was filed on February 19, 2002, almost five years too late. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) ("[Petitioner's] state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until *after* the period of limitation had expired.") (emphasis in original). Accordingly, Petitioner is not entitled to statutory tolling under § 2244(d)(2).

Petitioner also argues that he is entitled to equitable tolling because he waited only one month after his third state petition was dismissed to file his federal petition. Dkt. # 11 at 9. Petitioner states that his third state habeas petition was dismissed on September 28, 2005, approximately one month before he filed his federal petition in this court. *Id.* However, a careful review of the state court records indicates that September 28, 2005 is the date of correspondence from the Texas Court of Criminal Appeals informing Petitioner that his state petition had been dismissed as a subsequent application. Dkt. # 10-3 at 36. However, the actual date of dismissal, according to the records, was February 16, 2005. Dkt. # 10-2 at 33. It is, therefore, not accurate for Petitioner to state that he waited only one month to file his federal petition. The lag was more like eight months.

Moreover, equitable tolling of the AEDPA's statute of limitations is available only in "exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810 (5th 1998). Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Petitioner was sentenced by a Texas court in 1988 and waited approximately 13 years before filing a state petition asserting a claim for ineffective assistance of counsel at sentencing. This Court has already noted herein that the factual predicate of Petitioner's

11

claim could have been known to him through the exercise of due diligence on the date that he was sentenced. *See supra* at 7–8.

The Court further finds that Petitioner has failed to advance any evidence that extraordinary circumstances stood in the way of his seeking habeas relief. Indeed, the record indicates that nothing extraordinary occurred during the thirteen years that Petitioner waited before claiming to be struck by the notion that the State had reneged on the plea agreement by failing to grant his parole application. Accordingly, the Court is of the opinion that Petitioner is not entitled to equitably toll the AEDPA's statute of limitations.

### Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, the Court nonetheless addresses whether he would be entitled to a COA. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (noting that a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As to claims that the district court rejects solely on procedural grounds, the movant must show

both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court concludes that reasonable jurists could not debate the dismissal of Petitioner's petition on grounds that he failed to comply with the AEDPA's statute of limitations nor find that the issues presented are adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, the Court prospectively **DENIES** the issuance of a certificate of appealability in this matter.

### Conclusion

For the reasons stated herein, the Court hereby **ORDERS** the following:

1.  Petitioner's Motion to Grant as [not Time-]Barred Pursuant to 28 U.S.C.§ 2254 (Dkt. # 2) is **DENIED**.

2.  Respondent's Motion for Summary Judgment (Dkt. #9) is **GRANTED**.

3.  The Petition for Writ of Habeas Corpus is **DISMISSED** with prejudice.

3.  A certificate of appealability is **DENIED**.

**SIGNED** on this 22nd day of September, 2006.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE